IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 21-41213 |
| **NEWSTREAM HOTELS &** § | |
| **HOSPITALITY, LLC**[1] § | |
| § | Chapter 11 |
| Debtor. § | |

**EMERGENCY MOTION FOR ORDER DIRECTING
PROCEDURAL JOINT ADMINISTRATION OF DEBTORS PURSUANT
TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015 AND
<u>LOCAL RULE OF BANKRUPTCY PROCEDURE 1015-1</u>**

**21-DAY NEGATIVE NOTICE – LBR 9007(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>*WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE*</u> shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken.  The Court reserves the right to set a hearing on any matter.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

---

[1] The Debtor in this chapter 11 case is Newstream Hotels & Hospitality, LLC (the last four digits of its federal tax identification number are 1605). The location of the Debtor's corporate headquarters and service address is 311 South Oak St., Suite 250, Roanoke, TX 76262.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Newstream Hotel Partners – ABQ, L.P. ("**Newstream ABQ**") and Newstream Hotels & Hospitality, LLC ("**Newstream GP**") (collectively the "**Debtors**"), debtors and debtors-in-possession in the above-referenced bankruptcy cases, hereby submit this Emergency Motion for Order Directing Procedural Joint Administration of Debtors Pursuant to Federal Rule of Bankruptcy Procedure 1015 and Local Rule of Bankruptcy Procedure 1015-1 (the "**Motion**") pursuant to Federal Rule of Bankruptcy Procedure 1015 and Local Rule of Bankruptcy Procedure 1015-1. In support of this Motion, the Debtors submit the Declaration of Timothy Nystrom in Support of Debtor's Chapter 11 Petition and Request for First Day Relief (the "**Nystrom Declaration**"), filed contemporaneously herewith, and respectfully represent as follows:

## I.  JURISDICTION AND VENUE

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for relief requested herein is Federal Rule of Bankruptcy Procedure 1015 and Local Bankruptcy Rule 1015-1.

## II.  BACKGROUND

3. On August 30, 2021 (the "**Petition Date**"), the Debtors each filed a voluntary petition for bankruptcy under chapter 11 of the Bankruptcy Code initiating these bankruptcy cases (the "**Chapter 11 Cases**"). The Debtors continue to operate their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed.

4. Newstream ABQ owns a full-service hotel, the SureStay Plus Hotel by Best Western Albuquerque I40 Eubanks, located at 10330 Hotel Avenue NE, Albuquerque, New Mexico 87123 (the "**Property**"), conveniently located near I40, and within walking distance of numerous restaurants and shopping. The recently-renovated hotel is located within minutes of Kirtland Air Force Base, the New Mexico Expo, Albuquerque Uptown, Albuquerque City Center Downtown, various federal buildings, the University of New Mexico, Sandia National Laboratories, Presbyterian Kaseman Hospital, UNM Hospital, Central NM Community College, Lovelace Health System, Honeywell, General Mills, Sandia Peak Tramway, Route 66, Rio Grande Zoo, Tingley Beach, Albuquerque Biological Park, and Coronado Mall.

5. Newstream ABQ is a Texas limited partnership formed in 2017. Newstream ABQ is owned 99.9% by approximately twenty-one (21) limited partners, and .01% by Newstream GP, as the general partner.

### III. RELIEF REQUESTED

6. The Debtors respectfully request this Court order the joint administration of their estates as affiliates in order to ensure the efficient use of both judicial and estate resources.

7. Federal Rule of Bankruptcy Procedure 1015(b) provides, in part, that this Court may order a joint administration of the estates of two or more petitions pending in the same court by a partnership and one or more its general partners, provided that, prior to entering the order, the Court gives consideration to protecting creditors of different estates against potential conflicts of interest. FED. R. BANKR. P. 1015(b). As noted above, Newstream GP is the general partner of Newstream ABQ and thus joint administration is proper and authorized pursuant to Bankruptcy Rule 1015.

8. The rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these cases because this Motion requests only administrative consolidation of the estates. The Debtors are not at this time seeking substantive consolidation. Each creditor will be required to file a claim against a particular debtor's estate. Thus, even though the creditor's rights will not be depleted by treating the Debtors' bankruptcies as one, the rights of all creditors will be enhanced by the reduced costs resulting from joint administration. Further, pursuant to general partnership law, the general partner is liable for the debts of the partnership and thus creditors will benefit from joint administration because all pleadings will be filed in a single case.

9. As described above, pursuant to Texas partnership law, the general partner is generally liable for the debts of the partnership. Thus, the claims and issues attendant to Newstream ABQ (and its bankruptcy case) equally affect Newstream GP (and its bankruptcy case). Therefore, pursuant to Local Rule 1015-1(b), the practicalities of providing professional services to the jointly-administered estates does not preclude professional persons from effectively or accurately separating the services rendered solely for the benefit of one bankruptcy estate vis-a-vis another.

10. Pursuant to Local Rule 1015-1, a proposed consolidated master mailing list (matrix) in the affected cases is attached hereto for future noticing requirements.

11. In addition to the legal authority and rationale for joint administration described above, joint administration of these Chapter 11 cases is warranted because entry of an order directing joint administration of these cases will obviate the need for duplicative notices, applications and orders, and will thereby save considerable time and expense for the Debtors and result in substantial savings to their respective estates.

12. Joint administration will also result in increased judicial efficiency, relieving this Court of the burden of entering duplicative orders and maintaining duplicative files.

13. The Debtors therefore contend that the best interest of their creditors and their estates would be served by joint administration of these cases. Accordingly, the Debtors request that the caption of their cases be modified to reflect the joint administration of the Chapter 11 cases as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 21-41212** |
| **NEWSTREAM HOTEL PARTNERS –** | § | |
| **ABQ, L.P., et al.[2]** | § | |
| | § | **Chapter 11** |
| **Debtors.** | § | **(Jointly Administered)** |

14. The Debtors also seek the Court's direction that a notation in substantially the following form be entered on each of the Debtors' docket sheet to reflect the joint administration of the cases:

> An order has been entered directing the procedural consolidation and joint administration of Newstream Hotel Partners – ABQ, L.P. (Case No. 21-41212) and Newstream Hotels & Hospitality, LLC (Case No. 21-41213) in accordance with Federal Rule of Bankruptcy Procedure 1015(b). The docket for Newstream Hotel Partners – ABQ, L.P., Case No. 21-41212 should be consulted for all matters affecting these cases.

15. The 341 meetings for each of the Debtors will proceed as scheduled and counsel will be present.

---

[2] The Debtors in these chapter 11 cases are Newstream Hotel Partners – ABQ, L.P. (the last four digits of its federal tax identification number are 6465) and Newstream Hotels & Hospitality, LLC (the last four digits of its federal tax identification number are 1605). The location of the Debtors' corporate headquarters and service address is 311 South Oak St., Suite 250, Roanoke, TX 76262.

16. In summary, the Debtors request that their cases be jointly administered for procedural purposes to the extent of the following:

a. One docket shall be maintained for the Debtors' cases, under the case number assigned to Newstream Hotel Partners – ABQ, L.P.;

b. All pleadings, orders, and other papers filed shall be captioned with the style reflected above, and shall reflect that the cases are jointly administered under the case number assigned to Newstream Hotel Partners – ABQ, L.P.;

c. The United States Trustee shall conduct the first meeting of creditors for each of the Debtors as scheduled;

d. Counsel for the Debtors shall prepare and maintain one Official Service List pursuant to a Motion for Order Establishing Notice Procedures and Limiting Notice;

e. Proofs of claim filed by creditors of any Debtor shall reflect the style and case number of the Debtor to which the claim relates and in whose case such claim is to be filed; and

f. Separate claims registers shall be maintained for each Debtor.

WHEREFORE, the Debtors respectfully request this Court to enter an order granting the relief requested herein and granting such other and further relief as may be just and proper.

PL 3048196.1

Dated: August 30, 2021.

        Respectfully submitted,

        */s/ Jason P. Kathman*
        Jason P. Kathman
        State Bar No. 24070036
        Megan F. Clontz
        State Bar No. 24069703
        Misty A. Segura
        State Bar No. 24033174
        Spencer Fane LLP
        5700 Granite Parkway, Suite 650
        Plano, TX 75024
        (972) 324-0300 – Telephone
        (972) 324-0301 – Facsimile
        Email: jkathman@spencerfane.com
        Email: mclontz@spencerfane.com
        Email: msegura@spencerfane.com

        **PROPOSED COUNSEL**
        **FOR DEBTORS AND**
        **DEBTORS-IN-POSSESSION**

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he spoke with Sean Gordon, counsel for the Prepetition Secured Lender of Newstream ABQ, multiple times prior to the filing of the attached Motion. As of the filing of the Motion, the parties had not reached an agreement; however, the parties are continuing to discuss and negotiate in an attempt to reach an agreed resolution.

        */s/ Jason P. Kathman*
        Jason P. Kathman

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, on August 27, 2021, I conferred via electronic mail with Marc Salitore, counsel for the United States Trustee, regarding the bankruptcy filing and First Day Matters. Although not objecting to the expedited consideration of the Joint Administration Motion, counsel for the United States Trustee did question whether consideration of the Joint Administration Motion was necessary to avoid any immediate and irreparable harm.

        */s/ Misty A. Segura*
        Misty A. Segura

PL 3048196.1